Anthony Wyatt **GRAVES, Plaintiff,**

v.

**NORTH DAKOTA STATE PENITENTIARY,** Defendant.

No.  A1–04–016.

United States District Court, D. North Dakota, Northwestern Division.

July 22, 2004.

Anthony Graves, Bismarck, ND, pro se.

Jean R. Mullen, Attorney General's Office, Bismarck, ND, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 25, 2004.

## I. BACKGROUND

The plaintiff, Anthony Wyatt Graves (Graves), is an inmate at the North Dakota State Penitentiary in Bismarck, North Dakota. In February 2004, Graves lodged a complaint with the Court pursuant to 42 U.S.C. § 1983. The complaint alleged the following:

> On Sept. 9, 2003 I went to infirmary for my daily diabetic shot of insulin. Guard Anthony Edlund was laughing at his desk and showed me a picture on a piece of paper. He asked me and a nurse and another African American if I knew what it was. I stated "no." He said it was the last thing a black person see[s]

when they fall down a well. I replied it wasn't funny. Laughing at my reaction he said it was funny then he [said] it was the "KKK" looking down a well. I said he could be written up. He again stated laughing turning red it was funny. The KKK have murdered, raped, de-graded, and segregated blacks for over 200 years! Later that evening I drew a duplicate picture to show the 14 blacks in the facility. The[y] were apauled [sic]. I showed another guard he said he saw it too laughing. The picture has been circulated through facility among guards. I wrote a grievance and later that evening I was subjected to a room search. A guard took a piece of paper out of my pocket with the KKK picture on it and stated [to] the other guards this is what they were taking about in the infirmary laughing!!

The offending picture, which Graves reproduced in his complaint, consisted of a circle containing three pie pieces that were purported to represent the heads of three hooded figures. According to Graves, he filed an administrative complaint prior to lodging his civil action, was reassured that appropriate action would be taken, but was never informed what action was ultimately taken by penitentiary officials.

Magistrate Judge Dwight C.H. Kautzmann conducted a preliminary review of Graves' complaint as mandated by 28 U.S.C. § 1915A(a) and, on March 4, 2004, issued a report recommending dismissal of the complaint. The Court reviewed the Magistrate's Report and Recommendation and concluded that Graves had arguably satisfied the pleading requirements of 42 U.S.C. § 1983 so as to assert a colorable civil rights claim against the penitentiary. Thus, the Court ordered the Clerk of Court to file Graves' complaint, which it did on March 19, 2004, and to serve upon the Defendant a summons along with copies of the complaint.

On May 25, 2004, the Defendant filed a Motion to Dismiss on the grounds that Graves' complaint failed to state a claim for relief. Specifically, the Defendant contends that Graves' alleged harassment—being shown a racially offensive drawing—does not rise to the level of an actionable offense.

On June 8, 2004, Graves filed a response to the motion, wherein he asserted the dismissal of his complaint would constitute a further violation of his constitutional rights. In addition, Graves cited to what he perceived as fourteen separate incidents of retaliation in response to his filing of a grievance.

## II. *LEGAL DISCUSSION*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. *Faibisch v. University of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. Thus, the Court will dismiss a complaint for failure to state a claim only if it appears beyond doubt that Graves can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Howard v. Coventry Health Care of Iowa, Inc.,* 293 F.3d 442, 444 (8th Cir.2002).

■ It is well-settled that the use of racially derogatory language will not, by itself, violate the Fourteenth Amendment "unless it is pervasive or severe enough to amount to racial harassment." *Blades v. Schuetzle,* 302 F.3d 801, 805 (8th Cir.2002) (citing *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000) (the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution); *Williams v. Bramer,* 180 F.3d 699, 705–06 (5th Cir.1999) (holding that an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, did not amount to an equal protection violation); *Burton v. Livingston,* 791 F.2d 97, 101 n. 1 (8th Cir.1986) (an allegation that an individual prison guard used racially offensive language in dealing with a prisoner does not, by itself, state a claim under the Equal Protection Clause)).

■ The Defendant contends the facts in the present case are similar to those in a case entitled *Blades v. Schuetzle,* 302 F.3d 801 (8th Cir.2002). In *Blades,* a prisoner filed a complaint under 42 U.S.C. § 1983, claiming that prison officials had discriminated against him because of his race in violation of the Fourteenth Amendment. According to the prisoner, a prison guard "ridiculed the color of his palms and told him to smile so that he could be seen in the dark." 302 F.3d 801, 805. Although the district court found these statements reprehensible, it dismissed the inmate's discrimination claim because the facts alleged in support of the claim were not actionable. The dismissal was affirmed on appeal by the Eighth Circuit.

■ The Court has carefully reviewed the record in this case and, like the Eighth Circuit Court of Appeals in *Blades,* finds the conduct of the responsible prison guard(s) at the North Dakota State Penitentiary to be offensive, degrading, and reprehensible. Hopefully, State Penitentiary officials have taken appropriate disciplinary action against the prison guard(s) responsible for this outrageous and offensive misconduct. For any prison guard to engage in such conduct in the course of his official duties is particularly reprehensible. However, as in *Blades,* the incident of

which Mr. Graves complains does not, as a matter of law, amount to unconstitutional racial discrimination. The conduct is not pervasive or severe enough to amount to a constitutional violation. As for the numerous alleged incidents of retaliation, there is no clear indication from the record that such incidents relate to the conduct complained of by Graves in the complaint. In addition, the allegations of retaliation lack specificity and do not appear to rise to the level of a constitutional violation. Accordingly, the Court **GRANTS** the Defendant's Motion to Dismiss (Docket No. 13).

**IT IS SO ORDERED.**